**STATE of Missouri, Respondent,**

v.

**Anthony George WILLIAMS, Appellant.**

**Anthony George WILLIAMS,
Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 69570, 71138.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 25, 1997.

Judith C. LaRose, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel G. Cierpiot, Asst. Atty., Gen., Jefferson City, for respondent.

Before ROBERT G. DOWD, Jr., P.J., and SIMON and HOFF, JJ.

### ORDER

PER CURIAM.

Anthony George Williams appeals the judgment and sentences entered upon his convictions by a jury of one count of first degree burglary, section 569.160 RSMo 1994, and one count of stealing, section 570.030 RSMo 1994. The trial court sentenced him as a prior and persistent offender under sections 558.016.2 and 557.036.4 RSMo 1994 to ten years for the burglary offense and time served for the stealing offense, with the sentences to run concurrently.

On his direct appeal Williams contends the trial court plainly erred in allowing the prosecutor to elicit evidence and to comment during opening statement and closing argument on Williams' failure to make an exculpatory statement about his alibi to the arresting officer; plainly erred in failing *sua sponte* to declare a mistrial when during closing argument the prosecutor made derogatory statements regarding Williams' motive; and erred in determining there was sufficient evidence to support the convictions.

We have reviewed the briefs of the parties, the legal file, and the record on direct appeal and find the claims of error to be without merit. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law would have no precedential or jurisprudential value. The trial court's judgment is affirmed in accordance with Rule 30.25(b).

In this consolidated matter, Williams also appeals from the denial of his 29.15 motion after an evidentiary hearing. In this appeal, Williams contends the motion court erred in finding Williams' trial counsel did not provide ineffective assistance due to his failure timely and properly to object to (a) the prosecutor's references to Williams' failure to mention his alibi to the arresting officer, (b) the identification testimony, and (c) the prosecutor's

derogatory statements regarding motive during closing argument. We have reviewed the briefs of the parties, the legal file, and the record on appeal and find the claims of error to be without merit. The motion court's findings of fact are not clearly erroneous. No error of law appears. An extended opinion reciting the detailed facts and restating the principles of law would have no precedential or jurisprudential value. The motion court's judgment is affirmed pursuant to Rule 84.16(b).